**HOME SAVINGS AND LOAN ASSOCIATION OF LAWTON, OKLAHOMA, Plaintiff-Appellee,**

v.

**Robert P. NIMMO, Administrator of the Veterans Administration, Defendant-Appellant.**

No. 80–1987.

United States Court of Appeals, Tenth Circuit.

Aug. 31, 1984.

Edward W. Dzialo, Jr., Lawton, Okl. (Godlove, Joyner, Meyers & Mayhall, Inc., Lawton, Okl., with him on briefs), for plaintiff-appellee.

John C. Hoyle, Washington, D.C., (Stuart E. Schiffer, Acting Asst. Atty. Gen., Washington, D.C., Larry D. Patton, U.S. Atty., John E. Green, First Asst. U.S. Atty., Oklahoma City, Okl., and William Kanter, Attorney, U.S. Dept. of Justice, Washington, D.C., with him on briefs), for defendant-appellant.

Before SETH, McKAY and BREITENSTEIN, Circuit Judges.

PER CURIAM.

In Home Savings and Loan Association of Lawton, *Oklahoma v. Nimmo* (10 Cir. 1982), 695 F.2d 1251, we affirmed, with Judge McKay dissenting, the judgment of the district court applying the defense of estoppel against the government. On June 4, 1984, the Supreme Court vacated our judgment and remanded the case for further consideration in light of *Heckler v. Community Health Services of Crawford County, Inc.* (Pa.1984) —— U.S. ——, 104 S.Ct. 2218, 81 L.Ed.2d 42. —— U.S. ——, 104 S.Ct. 2673, 81 L.Ed.2d 870. The government has filed a motion for entry of judgment and Home Savings has filed a response.

In Community Health Services, reliance is based on the oral advice of a "fiscal intermediary," Travelers Insurance Company. This advice was wrong. The Court held that there was no estoppel. In the Home Savings case estoppel was claimed because the Veterans Administration failed to advise Home Savings of a government defense of forgery. In Home Savings we analyzed the Supreme Court cases on estoppel against the government and held, supra, 695 F.2d at 1254, that: "None of the above mentioned cases rejecting estoppel against the government relate to facts comparable to those presented in the instant case."

In Community Health Services, the Court said, —— U.S. ——, ——, 104 S.Ct. 2218, 2224, that: "Petitioner urges us to expand this principle into a flat rule that estoppel may not in any circumstances run against the Government. We have left the issue open in the past, and do so again today."

It would be helpful if the Court would clarify the point.

The opinion is withdrawn, the Judgment is vacated, and the case is remanded to the district court with instruction to enter judgment for the defendant.